MICHAEL VELLACO *v.* CITY OF DERBY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 111630
AT NEW HAVEN

Memorandum filed November 21, 1966

*George J. Yudkin,* of Derby, for the plaintiff.

*James J. McCarthy, Jr.,* of Derby, for the named defendant et al.

*David B. Cohen,* of Derby, for the defendant P. Francini and Company, Inc.

FITZGERALD, J. Plaintiff, a resident and taxpayer of the city of Derby, instituted the within action to

enjoin the defendant city of Derby from consummating the performance of a contract entered into by it in September, 1966, with the defendant P. Francini and Company, Inc., a Connecticut corporation, the second highest of three bidders responding to an invitation to bid for the construction of a new senior high school in Derby for the sum of $2,751,000. The other named defendants are Alfred Martino and Harry Block, members of the finance committee of the city of Derby, and John L. Bartimole, mayor of the city of Derby.

The action, with an amendment to paragraph 4 of the complaint, originally was made returnable to court on the first Tuesday of November, 1966. By stipulation of counsel filed on November 4, 1966, it was agreed that the return day of the writ be considered as the first Tuesday of October, 1966. On November 4, 1966, the defendants filed their answer to the complaint and pleaded a special defense comprising seven paragraphs, to which the plaintiff replied also on that day. In lieu of trial on the issues presented by the pleadings, counsel for all parties have joined in a stipulation of facts and, on the stipulation thus submitted, have asked the court to determine whether the plaintiff is entitled to the injunctive remedy sought by him. Reference, of course, is made to the entire subject matter of that stipulation as on file.

Granting that the accepted bid of the Francini company in the amount of $2,751,000 was $10,000 higher than the third and lowest proposed bid of C. H. Nickerson Construction Company ($2,741,000), it further appears as a stipulated fact that the Francini company, in its proposal, agreed to start work 7 days after the execution of the contract, and further agreed to substantially complete that work in 540 calendar days, whereas the Nickerson

company, in its proposal, agreed to start work 10 days after the execution of the contract and further agreed to substantially complete that work in 620 calendar days. Paragraph 10 of the stipulation would make it appear that the action of the committee in awarding the contract to the Francini company was induced by the element of time. That paragraph in its entirety reads: "The Finance Committee stated that its members felt that time was of the essence and awarded the contract to P. Francini & Co., Inc. of Derby because if the school could be built faster, it would be for the best interest of the City of Derby." See quotation from paragraph 9 of instructions to bidders, in which there is expressly stated as one of the elements of consideration "the best interest of the owner to accept" the proposed bid.

That the defendant Francini company was not "the lowest responsible bidder" in terms of dollars is not ipso facto controlling. See the view expressed by the Supreme Court of Pennsylvania in *McIntosh Road Materials Co.* v. *Woolworth,* 365 Pa. 190, 208. It has been said that "public boards and officials are vested with wide discretion, and their decision, when based upon an honest exercise of the discretion thus vested in them, will not be interfered with by the courts, even if erroneous." 43 Am. Jur., Public Works and Contracts, § 44. The stipulation of facts as viewed by the court is free of any suggestion, inference or implication that the award of the contract in question to the Francini company was motivated by fraud, corruption or abuse of discretion on the part of the officials of the city of Derby. General reference is made to the opinion of the Supreme Court of Illinois in *Hallett* v. *Elgin,* 254 Ill. 343, and to the memorandum of Judge Foster in *Adley* v. *Bridgeport,* 3 Conn. Sup. 342; see also *Austin* v. *Housing Authority,* 143 Conn. 338, 346, 348.

In his brief, the plaintiff makes the broad claim that in awarding the contract to the Francini company instead of the Nickerson company, the former being located in Derby and the latter in Torrington, "was a subterfuge for favoritism to a local contractor" resorted to by the finance committee. To so conclude on the facts stipulated would compel an inference which those facts would not justify and do not warrant. Furthermore, this claim of the plaintiff ignores the presumption of regularity and legality of the action of the finance committee which obtains in its favor. See *Hallett* v. *Elgin,* supra, 347.

In view of the foregoing, it is the considered opinion of the court that the plaintiff should be denied in toto the relief in the form of injunction which he seeks in this action. For all that appears, the award of the contract in question on the facts stipulated should not be disturbed.

Judgment may enter for the defendants.

Taxable costs against the plaintiff are limited to judgment fee and file.